Plaintiff's Name **Elmer Andres Rivas**
Inmate No. **F05674**
Address **P.O. BOX 8500**
**Coalinga, CA 93210**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

FILED
DEC 10 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

**Elmer Andres Salguero Rivas**
(Name of Plaintiff)

(Case Number) **1: 10 CV 02302 SMS PC**

vs.

COMPLAINT

**LVN - Adonis, M.**
**PAC - E. Brown**
**CMO - Igbinosa, F.**
**RN - M. Griffith**
**CDCR - Warden Yates**

Civil Rights Act, 42 U.S.C. § 1983

RECEIVED
DEC 10 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

(Names of all Defendants)

I. **Previous Lawsuits** (list all other previous or pending lawsuits on back of this form):

   A. Have you brought any other lawsuits while a prisoner? Yes ___ No **X**

   B. If your answer to A is yes, how many? _____
      Describe previous or pending lawsuits in the space below.
      (If more than one, use back of paper to continue outlining all lawsuits.)

   1. Parties to this previous lawsuit:

   Plaintiff _____

   Defendants _____

   _____

   2. Court (if Federal Court, give name of District; if State Court, give name of County)

   _____

   3. Docket Number _____    4. Assigned Judge _____

   5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

   _____

   6. Filing date (approx.) _____    7. Disposition date (approx.) _____

1

II.  **Exhaustion of Administrative Remedies**

    A. Is there an inmate appeal or administrative remedy process available at your institution?

    Yes☒ No___

    B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

    Yes☒ No___

    If your answer is no, explain why not_____

    C. Is the process completed?

    Yes☒      If your answer is yes, briefly explain what happened at each level.
    Informal Level - was Partially Granted. First Level - was Partially Granted. Second level - was Partially Granted. Directors Level - Denied.

    No___      If your answer is no, explain why not.

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734.

III. **Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

    A. Defendant M. Adonis is employed as (LVN) Licensed Vocational Nurse at Pleasant Valley State Prison, Coalinga, CA 93210

2

B. Additional defendants PAC. E. Brown, Chief Medical Officer Igbinosa, CDCR's Warden Yates, all aditional defendants at Pleasant Valley State Prison, Coalinga, CA. 93210.

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

I was seen by PAC. E. Brown on 1-12-10 due to an ear infection and ringing in the ears. PAC. E. Brown Prescribed ear drops to appellant Elmer Rivas. After appellant used ear drops, his (L) ear had a reaction to from the ear drops that caused him severe pain and hearing loss. Appellant sought emergency health care on 1-15-10 and was refused treatment, he asked Correctional officer Rios of second watch who was working at the Institutions (MTA) to ask LVN-Adonis to come out and speak with me because I had a medical emergency. LVN-Adonis refused to speak with me and used C/o Rios as a mediator on a medical issue. After numerous attempts to see LVN-Adonis, she had C/o Rios tell me that the Dr's and nurses where too busy to see me, and that I would be seen on Monday 18, 2010. I was seen on Friday 22, 2010 and by then appellant had suffered hearing loss. LVN-Adonis receives her duties from CMO Igbinosa, and RN- M. Griffith is who deems what is considered as medical emergency. Warden Yates is the warden of this institution, therefore he is responsible afor my well-being at all times.
(MTA) Medical Technical Assistance.

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Investigation into all allegations as to why I was denied emergency medical care on 1-15-10. Request continued medical care until hearing in my left ear is fully restored, and not be denied any further medical emergency's. Also request money damages for my hearing loss and pain and suffering due to the harm caused by medical neglect, involving the herein named defendants. Furthermore requesting any other matters relief that I may be entitled to.

I declare under penalty of perjury that the foregoing is true and correct.

Date 11-23-10         Signature of Plaintiff

(revised 6/01/04)

3

PROOF OF SERVICE BY FIRST-CLASS MAIL
CCP §§ 1013a(3), 2015.5(b)
F.R.Civ.P rule 5

I, the undersigned, declare and state that I am a citizen of the United States, am over the age of eighteen (18) years, and am not a party to this action or special proceeding. On the date shown below I did serve a copy of the following document:

**Civil Rights Statute 42 U.S.C §1983**

by placing a true and complete copy (copies) into envelope(s) addressed to each of the following:

any by affixing sufficient postage thereon in an amount which would guarantee first-class delivery in the United States mails, and by placing said envelope(s) into the possession of a California correctional officer at **Pleasant Valley** State Prison where I am confined for delivery to each addressee as provided by institutional procedures and state law.
Date of delivery to correctional officer: _____
I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.
Executed at **11-23-10/P.V.S.P**, CA 93210.

_____
Signature of Declarant
**Rivas, Elmer**
Printed Name

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE HEALTH CARE**                                                   CALIFORNIA PRISON HEALTH CARE SERVICES
**APPEAL FORM**
CDCR 602-HC (08/08)                                                                                                         Side 1

Location: Institution/Parole Region:       Log #:  10-11082       Category:
1.  RJD-27                          1.                                           8
2. _____                 2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. This form shall be used when the policy, action or decision being appealed involves health care services (medical, dental, or mental health). You must first informally seek relief through discussion with the appropriate staff member or by utilizing the health care service processes at your institution. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Health Care Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Rivas, Elmer | F05674 | Office Services | D1-217 Low |

**A. Describe Problem:** On 1-15-10 I sought emergency healthcare do to severe ear pain and intense ringing and sudden loss of hearing on my left ear, caused by a reaction from ear drops prescribed to me. Around 8:00 a.m. I spoke to C/o Rios 3/w and requested to see LVN Adonis who works 3/w. I explained my situation to C/o Rios, whom then related my medical emergency to the LVN. The LVN refused to come out and speak with me and used C/o Rios as a mediator on this medical matter. C/o Rios then stated that I must have a 3/w floor officer call and explain to the LVN the situation. Even though I personally handed them a 7362 explaining my emergency. I then had C/o Mercado 2/w of building D-1 floor officer call the MTA and they told him I would be seen later. At 1:45 p.m. I had a priority ducat to see psychologist Musina, whom I further explained my medical emergency and she then stated go to the MTA

If you need more space, attach one additional sheet. and attempt once more.           Continue next page →

**B. Action Requested:** Further investigation as to why I was denied emergency health care, after reporting hearing loss and severe pain followed by ringing on my left ear do to a reaction from ear drops prescribed to me from the doctor. I would like to know what steps will be taken so that another inmate does not suffer as I did. This is in violation of Title 15 Section 3354.(a) and 3354.2 (a) C/o should not be a mediator on medical issues.

Inmate/Parolee Signature: _____        Date Submitted: 1-18-10

---

**C. INFORMAL LEVEL** (Staff Response):

...you were seen by Dr. on 1-14-10 and referred for audiology and F/u with MD in 30 days re tinnitus and t hearing loss. On 2-26-10, you were seen by Dr. and ordered meds. You submit a 7362 form, a registered nurse will review sick call slips to determine urgent or emergency problems. Sick call with a clinic Doctor will be within one day to two weeks, depending on the seriousness of the problem.

Staff Signature: M. _____, LVN        Date Returned to Inmate: 3-17-10    MAR 24 2010

---

**D. FORMAL LEVEL:**

If you are dissatisfied, explain below, attach supporting documents (Health Care Service Request Form, CDC 7362, Comprehensive Accommodation Chrono, CDC 7410, Trust Account Statement, etc.) and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response.

The response obtained on the informal level is dissatisfying based on not addressing my complaint, respondent did not state why I was refused emergency medical treatment on 1-15-10 that made me subject to hearing loss, furthermore not addressing why a C/o was used as a mediator on a medical issue. Respondent claimed I would be seen by a specialist 30 days after 1-12-10 and it's been over 30 days. Note: Today's date is 4-1-10

Inmate/Parolee Signature: _____        Date Submitted: 4-1-10

CDCR Appeal Number

Submit 7362 No Adverse affect

STATE OF CALIFORNIA
INMATE/PAROLEE HEALTH CARE
APPEAL FORM
CDCR 602-HC (08/08)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA PRISON HEALTH CARE SERVICES

Side 2

---

**FIRST LEVEL:** ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 30 working days): Date assigned: 4/7/10   Due Date: 5/26/10

Interviewed by: Interviewed 4/19/10 by M. Griffith RN. Im/PT c/o ear problem is not deemed an emergency by triage RN and staff were instructed to notify im/PT to fill out a 7362 and place the 7362 in the appropriate box outside of the medical clinic as per institutional policy & procedure @ PVSP. Health care was not denied and was triaged and you were seen by the RN 1/22/10 and by the MD on 2/25/10 & 4/3/10.

Staff Signature: M. Griffith    Title: RN    Date Completed: 4-19-10

Division Head Approval Signature: _____    Title: S    Date Returned to Inmate: APR 27 2010

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response:

Respondent stated that an ear infection shown by an MRI that was causing me severe pain and hearing loss is not deemed an emergency. This is in violation of Title 15 3354(c)(1) providing emergency care to prevent severe or permanent disability, or to alleviate disabling pain. Immediate treatment shall be provided 24/7. Furthermore not addressing why a C/O was used as a mediator on a medical issue. Respondent claimed I would be seen by an ENT Specialist 30 days after 1-12-10. It took me 3 months to obtain proper treatment because doctors refused to treat my ear without the Specialist approval causing me hearing loss and permanent ringing in my ears.

Inmate/Parolee Signature: _____    Date Submitted: 5-1-10 / 5-22-10

**SECOND LEVEL:** ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 20 working days): Date assigned: 5/26/10   Due Date: 6/24/10

☐ See Attached Letter
Signature: _____ HCA    Date Completed: 6/23/10
Health Care Services Hiring Authority Signature: _____   Title: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response:

Appellant is dissatisfied with the second level response obtained on 7-13-10. Respondent states that appellant has been evaluated by health care staff numerous times and that staff have not diagnosed nor designated appellant with DNH (Hearing Loss). On April 21, 2010 ENT- Wilbur Suesberry, M.D. Physical examination on Inmate Elmer Rivas CDC# F05674 states that Audio is abnormal, Bilat Mild Hearing Loss and Tinnitus. (see exhibit A) Yet on January 7, 2010 PAC E. Brown states that appellant's (L) ear canal is impacted - TM not visible and was advised of MRI findings on Mastoditis therefore PAC prescribed eardrops and referred to see Audiology and MD in 30 days. (see exhibit B) There was recommendations to see ENT on 4-3-10 and 4-20-10. —Curtin

Inmate/Parolee Signature: _____    Date Submitted: 7-20-10

For the Director's Review of Health Care issues, submit all documents to:
Office of Third Level Appeals - Health Care
P O Box 4038
Sacramento, CA 95812-4038

**DIRECTOR'S ACTION:** ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
☒ See Attached Letter

Date: 8/31/10

NOV/23/2010

Pag. 2

## Appeal Form

Once I arrived to D-yards MTA the LVN once again refused to see me and had c/o Rios inform me that I would be seen on monday because neigther the LVN's or doctors had time to see me. The MTA's LVN's and Doctors were careless and therefore jeopardize my health and possibility of permanent hearing loss. Up to this day I still have severe ear pain and hearing to hear loss as well as ringing in my left ear. No further action has been taken from the LVN's, in providing medical care.



RECEIVED
OTLA-HC
JUL 26 2010
HC APPEALS

02/MAR/2010

STATE OF CALIFORNIA                                                                              J. Clark Kelso, Receiver
PRISON HEALTH CARE SERVICES



Date:   August 31, 2010

To:     Elmer Rivas, F05674
        Pleasant Valley State Prison
        P.O. Box 8500
        Coalinga, CA 93210

From:   California Prison Health Care Services
        Office of Third Level Appeals – Health Care
        P.O. Box 4038
        Sacramento, CA 95812-4038

OTLA Case No.: PVSP HC 10002679           Institution Log No.: PVSP 27-10-11082

This appeal was reviewed on behalf of the Director, California Department of Corrections and Rehabilitation (CDCR), under the supervision of the Health Program Manager III. All submitted information has been considered.

**I.   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**II.  ISSUE:**

Your CDC 602 HC indicated that on January 15, 2010, you developed ear pain, ringing in your ear and hearing loss after using prescribed ear drops for three days; you sought emergency healthcare from Correctional Officer (CO) Rios and requested to see licensed vocational nurse (LVN) Adonis who worked second watch; LVN Adonis refused to see you; you submitted a Health Care Services Request form (CDC 7362) and had CO Mercado call the Medical Technical Assistant (MTA) and they told him you would be seen later; you had a priority ducat to see your psychologist at 1:45 p.m.; you explained your medical emergency to the psychologist and she then sent you to the medical technical assistant (MTA) on D-Yard who, once again, refused to see you; you were informed by CO Rios that you would be seen on Monday because neither the doctors or nurses had time to see you; the LVNs and doctors were careless and jeopardized your health; as of January 18, 2010, you were still experiencing severe ear pain, ringing in your ear and hearing loss and you had not been seen for your medical issues.

You requested an investigation into why you were denied emergency medical care; you wanted to know what steps would be taken to prevent another inmate to suffer as you have; and you requested that a CO not be used as a mediator for medical issues.

**III. PRIOR APPEAL HISTORY:**

A. Informal Level: The informal level appeal, submitted on January 18, 2010, stated your issues and requests as noted above.

The informal level response (ILR) stated your appeal was partially granted as follows: you were seen by a doctor on January 12, 2010, and referred to an audiologist and follow up with a doctor in thirty (30) days regarding your tinnitus and hearing loss; on February 26, 2010, you were seen by the doctor and medications were ordered; you were informed that, when you submit a CDC 7362 form, a registered nurse (RN) reviews the sick call slips to determine urgent, or emergency problems; and sick call with a doctor occurs within one day or two weeks, depending upon the seriousness of the problem.

B. <u>First Level:</u> At the first level, submitted on April 1, 2010, you stated you were dissatisfied because the informal response did not address your complaint; the refusal of emergency medical service on January 15, 2010, was not addressed; why a CO was used as a mediator on a medical issue was not addressed; and you were told you would see a specialist within thirty (30) days on January 12, 2010, and you had not yet been seen by the specialist as of April 1, 2010.

The First Level Response (FLR) stated your appeal was partially granted as follows: you were interviewed on April 19, 2010 by registered nurse (RN) M. Griffin; your ear problem was not deemed a medical emergency by the triage nurse; staff were instructed to have you fill out a CDC 7362 and place it in the appropriate box outside of the medical clinic as per institutional policy and procedure at Pleasant Valley State Prison (PVSP); your health care was not denied; your request was triaged and you were seen by the RN on January 22, 2010 and by the doctor on February 25, 2010 and April 3, 2010.

C. <u>Second Level:</u> At the second level, submitted on May 1, 2010/May 22, 2010, you stated a determination that your ear infection as non-emergency was a violation of California Code of Regulations (CCR), Title 15, Section 3354(f)(1) that defines emergency care as care to prevent severe or permanent disability or to alleviate disabling pain; the FLR did not address using a CO as a mediator for medical issues; and you had been informed you would see a specialist thirty (30) days after your January 12, 2010, appointment and it took three months to obtain proper treatment because the institutional doctors refused to treat your ear until the specialist had been seen; this delay caused hearing loss and permanent ringing in your ears.

The Second Level Response (SLR) stated your appeal was partially granted as follows: you received medical care in accordance with departmental regulations; you were appropriately triaged and your request did not meet emergency criteria; when there is a medical issue that is presented as an emergency it is appropriate to have COs relay information to medical staff; COs were not diagnosing or triaging inmates; COs provided safety and security for staff and inmates; you spoke with the CO and requested to speak to medical staff; in the event you were not comfortable discussing our medical issues with correctional staff you could go directly to the clinic and speak with medical staff; you were evaluated by health care staff numerous times and you were not diagnosed or designated as DNH (hearing impaired non impacting placement); as to your request to know what steps would be taken to ensure another inmate would not suffer, you may not file an appeal on behalf of another inmate or parolee.

IV. **BASIS FOR DIRECTOR'S LEVEL DECISION:**

At the Director's Level of Review (DLR), submitted on July 20, 2010, you stated you were dissatisfied; medical staff neglected your health for seven months until you had suffered mild hearing loss and permanent tinnitus; your condition was only considered urgent on April 3, 2010,

and April 20, 2010; this was a violation of CCR, Title 15, Section 3354(f)(1), providing emergency care to prevent severe or permanent disability, or alleviate disabling pain.

A review of the appeal file was performed and revealed the following:
- Your appeal issues were reviewed and responded to appropriately at all levels.
- The DLR decision agrees with the previous findings.
- Your medical treatment has been commensurate with community standards

Pursuant to California Code of Regulations, (CCR), Title 15, Section 3350, the Department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists.

You are advised that only licensed CDCR health care staff are authorized to diagnose and treat your medical conditions; no other personnel or inmates may do so. This includes diagnostic test choices, treatment options, and types and dosages of medications.

You are considered an active partner and participant in the health care delivery system. You are encouraged to cooperate with your clinicians in order to receive the proper care and management of your condition. You will continue to be evaluated and treatment will be provided based on your clinician's evaluation, diagnosis and recommended treatment plan, in accordance with appropriate policies and procedures.

After review, there is no compelling evidence that warrants intervention at the DLR as your medical condition has been evaluated by licensed clinical staff and you are receiving treatment deemed medically necessary.

V.  **RULES AND REGULATIONS:** The rules governing these issues are: CCR, Title 15; Inmate Medical Services Program Policies and Procedures (2006); Department Operations Manual (DOM).

VI. **ORDER:** No changes or modifications are required by the institution.

This decision exhausts your available administrative remedy within the CDCR.

J. WALKER, Chief
California Prison Health Care Services
Office of Third Level Appeals-Health Care

cc:   Health Care Appeals Coordinator, Pleasant Valley State Prison (PVSP)

pmv

P.O. Box 4038 • Sacramento, CA 95812-4038

Appeal Form (H.) Directors Level Review                            7-210 7-20-10

Reffered as ASAP and Urgent after finally acknowledging that appellant had an emergency. Appellants hearing loss and ringing in his ears after a reaction to prescribed eardrops is not considered an emergency by respondent and medical staff at P.V.S.P., Physician prescribed such eardrops even after noting that ear canal was impacted-TM not visible and having prior knowledge that an MRI study showed Mastoiditis on left ear dated october 30, 2009. (See exhibit B

Medical staff neglected appellants health for 7 months until appellant suffered mild hearing loss and permanent Tinnitus, and was only considered an urgent matter until 4-3-10 and 4-20-10. This is in violation of Title 15 Section 3354 (f)(1) Providing emergency care to prevent severe or permanent disability, or alleviate dissabling pain. (See exhibit C)

Appellant Elmer Rivas CDC# F05674 on January 15, 2010 went straight to D-Yard medical clinic and asked Correctional Officer Rios to inform LVN Adonis he had a medical emergency and LVN refused to come outside the medical clinic and evaluate the emergency and had correctional officer Rios mediate on a medical issue as stated on additional page, Appeal Form pg. 2. According to Title 15 Section 3354 (a) Authorized staff, states, "Only facility employed health care staff, contractors paid to perform health services for the facility, or Persons employed as health care consultants shall be permitted within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates. No other personnel or inmate may do so." A correctional officer is not licenced to address any medical care issue.

Also violating Title 15 section 3354.2 (b)(A) Inmates shall be provided an opportunity to report an illness or any other health problem and receive an evaluation of the condition and medically necessary treatment and follow-up by health care staff. This was violated when LVN Adonis refused to conduct a face-to-face evaluation of this inmate and document any findings that requested specialty services on an interdisciplinary Progress Note (CDC-7230). As stated on Operations Procedure (Inmate Medical Services and Specialty Services)

(1)

RECEIVED
OTLA-HC
JUL 26 2010
HC APPEALS

LVN Adonis and RN M. Griffith are not ENT (Ear, Nose, Throat) specialist therefore they cannot diagnose an illness outside of there expertisce/licence or make an evaluation without a face to face evaluation of this inmates emergency.

Appellant request that proper steps be taken so that he does not suffer another medical negiegence as the one previously experienced. Medical negiegence had an adverse effect on appellant after being subject to hearing loss and Tinnitus two symptoms that are irreversible, while such symptoms could have been prevented if proper steps from the medical staff at P.V.S.P. had been taken. Furthermore when appellant informed the LVN he had a reaction to eardrops that where prescribed to him that caused him hearing loss and ringing in the ears. I requested emergency medical treatment and no medical staff would not evaluate me because according to RN M. Griffith is institutional policy and procedure. [illegible line] in violation of the U.S. Constitutions Eight Amendment.

JUL 2 0 2005

STATE OF CALIFORNIA | HEALTH CARE SERVICES REQUEST FORM | DEPARTMENT OF CORRECTIONS
CDC 7362 (Rev. 03/04)

### PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*
*If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.*

REQUEST FOR: MEDICAL ☒   MENTAL HEALTH ☐   DENTAL ☐   MEDICATION REFILL ☐

NAME: Rivas
CDC NUMBER: F05674
HOUSING: D1-217 low

PATIENT SIGNATURE: [signature]
DATE: 1-6-2010

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) My right ear still rings, Dr. Diep told me that if it continues to see him so that he could provide me with proper medication. Also my allergy medication is not working.

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT
☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

### PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

Date / Time Received: 1/7/10 0700
Received by: M. Griffith, RN
Date / Time Reviewed by RN:
Reviewed by:

S:
Pain Scale: 1  2  3  4  5  6  7  8  9  10

O: T: 97.0  P: 72  R: 16  BP: 120/74  WEIGHT: 180  O2sat - 98% RA

A: P-E well developed. 25 y/o ♂ c recurrent ear infections, present
AGENT: (L) ear canal impacted, TM c (B) Tinnitus & hear.
P: not visible. loss. Had MRI
☐ See Nursing Encounter Form   (R) ear canal brain not available
    clear TM intact. but pt states he was tol
E:                              that it was "not bad"
    Lungs CTA (B)              & N/0/ dizziness.
    CV RRR
    Abd Benign
    A/E

APPOINTMENT SCHEDULED AS:  EMERGENCY (IMMEDIATELY) ☐   URGENT (WITHIN 24 HOURS) ☐   ROUTINE (WITHIN 14 CALENDAR DAYS) ☐
REFERRED TO PCP: Tinnitus / L hear
COMPLETED BY: (1) RFS Audiology   DATE OF APPOINTMENT:
              (2) GM MD         (3) Debrox ear drops (L) ear
PRINT/STAMP NAME   SIGNATURE/TITLE  30 days
                   G. Brown PA-C   DATE/TIME COMPLETED

RECEIVED OTLA-H JUL 26 2010 HC APP

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

STATE OF CALIFORNIA                         DEPARTMENT OF CORRECTIONS
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

**PART I: TO BE COMPLETED BY THE PATIENT**

*A fee of $5.00 may be charged to your trust account for each health care visit.*

If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.

REQUEST FOR:  MEDICAL ☑   MENTAL HEALTH ☐   DENTAL ☐   MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| Rivas | F05674 | D1 |

| PATIENT SIGNATURE | DATE |
|---|---|
| [signature] | 1-15-10 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

On 1-12-10 I was seen by the doctor because of ringing of the ear. I was given some ear drops to use. After using the ear drops I began to lose my hearing & the ringing increased and it's hurting my ear & I'm unable to sleep.

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

**PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT**

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

[remainder of form illegible / blacked out]

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

JUL 2 6 2010

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 1/17/10 | 1516 | ① | RFS Audiology |
| | | ② | F/u c MD in 30 days Re Tinnitus + hearing loss. |
| | | | E.Brown PA-C |
| | | | Noted by M. Adame on 1-13-10 @ N30 |

ALLERGIES: NKA   INSTITUTION: PVSP   ROOM/WING: D1-217L

Confidential
client information
See W & I Code, Sections 4514 and 5328

RECEIVED
OTLA-HC
JUL 26 2010
HC APPEALS

PHYSICIAN'S ORDERS

CDC NUMBER, NAME (LAST, FIRST, MI)
F05674
Rivas, E.
11.14.84

CDC 7221 (2/00)

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
# PLEASANT VALLEY STATE PRISON-COALINGA

## SUPPLEMENTAL PAGE

**RE:** Appeal Log No. PVSP-27-10-11082
Second Level Response

Rivas, E., F-05674

**APPEAL DECISION:** PARTIALLY GRANTED

**ISSUE APPEALED:** MEDICAL

Inmate-Patient states on January 15, 2010, he sought emergency health care due to severe ear pain, intense ringing, and sudden loss of hearing in his left ear. Inmate-Patient claims this was caused by a reaction from ear drops which had been prescribed to him. Inmate-Patient states around 0800 hours he requested to speak with Licensed Vocational Nurse (LVN) Adonis. Inmate-Patient states the LVN refused to come out and spoke with him using a Correctional Officer as a mediator on the medical matter. Inmate-Patient states he was told to have one of his Floor Officers call the medical clinic. Inmate-Patient states a Floor Officer called the clinic and he was told he would be seen later. Inmate-Patient states he went to the medical clinic and the LVN refused to see him again. Inmate-Patient states he was informed he would be seen on Monday because there was available time for him to be seen. Inmate-Patient states the LVNs and Doctors were careless and therefore jeopardized his health and possibility of permanent hearing loss. Inmate-Patient states to this day he still has severe ear pain and hearing loss as well as ringing in his left ear.

## APPEAL RESPONSE:

Your appeal was reviewed and given careful consideration by medical, administrative, and appeals staff. You were interviewed on April 19, 2010, at the first level of review by M. Griffith at which time your appeal was partially granted. The second level of review was reviewed by F. Igbinosa, Medical Doctor (MD), Health Care Manager (A).

In your appeal, you request further investigation into why you were denied emergency health care. You further request to know what steps will be taken so that another inmate does not suffer as you did. You request for Correctional Officers not to be used as a medical mediator.

*RECEIVED OTLA-HC JUL 26 2010 HC APPEALS*

Appeal Log No. PVSP-27-10-11082
Rivas, E., F-05674
Page 2

Review of your Unit Health Record (UHR) indicates you placed a Health Care Services Request Form (CDC 7362) on January 6, 2010. You were seen by your Primary Care Physician (PCP) on January 7, 2010, you received ear drops and a referral for Audiology. You placed a CDC 7362 in on January 15, 2010. You were seen by the Registered Nurse (RN) on January 20, 2010, who educated you on your medication and instructed you to not place anything in your ears. You were seen by your PCP on February 25, 2010, your ears were evaluated and a plan of care discussed. You were seen on April 3, 2010, by your PCP who indicated we were going to continue monitoring plan of care on ear. You were seen by the Audiologist on April 20, 2010, who indicated your left ear was compacted and needed a cleaning. A referral was done for the Ear Nose and Throat Doctor (ENT). You were seen by the ENT on April 24, 2010 and your ear wax was cleaned out of your ear. You were seen by your PCP on April 28, 2010. You informed your PCP you saw the Audiologist and ENT. At this time the PCP did not have the ENT report and you informed him you had minor hearing loss and the ENT cleaned out your ear wax. You stated you have no audio complaints at this time.

At the first level of review RN Griffith explained the triage policy and educated you on the CDC 7362 procedure. It is the RN's discretion to triage the status of the inmate such as emergent, urgent, or routine. Your CDC 7362 was reviewed and you were seen on January 20, 2010.

Inmates may not demand particular medication, diagnostic evaluation, or course of treatment. California Code of Regulations (CCR), Title 15, Section 3354, Health Care Responsibilities and Limitations, (a) Authorized Staff, states, "Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates. No other personnel or inmate may do so."

You request to know what steps are taken to ensure this will not happen to other inmates; according to CCR, Title 15, Section 3084.3(c)(7), you may not file an appeal on behalf of another inmate or parolee.

You have been evaluated by health care staff numerous times, staff have not diagnosed nor designated you DNH (hearing impaired non impacting placement).

If there is a medical issue or as you claim an emergency, then Correctional Officers have the right to relay issues to the medical staff. Correctional Officers are not diagnosing or triaging inmates, they are to provide safety and security for staff and inmates. As indicated in your appeal you spoke with the Correctional Officer and

RECEIVED
OTLA-HC
JUL 26 2010
HC APPEALS

Appeal Log No. PVSP-27-10-11082
Rivas, E., F-05674
Page 3

requested to speak with Medical Staff. If you are not comfortable discussing your medical issues with Correctional Staff you can go straight to the clinic and speak directly to medical staff.

Considering the above information, your appeal is PARTIALLY GRANTED at the second level of review in that you received care in accordance with departmental regulations. You were appropriately triaged and did not meet emergency criteria.

_____    6/23/10
F. Igbinosa, MD.                Date
Health Care Manager (A)

