# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER ANDRES RIVAS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. ADONIS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-02302-AWI-SKO PC<br><br>SCREENING ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

I.  **Screening Standard**

Plaintiff Elmer Andres Rivas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 10, 2010. On January 5, 2011, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II. Eighth Amendment Medical Care Claim

### A. Summary of Claim

Plaintiff, who is currently incarcerated at Chuckawalla Valley State Prison, brings this action against Warden James A. Yates, Chief Medical Officer F. Igbinosa, Physician Assistant Clinician E. Brown, Registered Nurse M. Griffin,[1] and Licensed Vocational Nurse M. Adonis for violating his rights under the Eighth Amendment while he was incarcerated at Pleasant Valley State Prison.

Plaintiff alleges that he was seen by Defendant Brown on January 12, 2010, for an ear infection and ringing in his ear. Defendant Brown treated Plaintiff without reviewing his medical file, misdiagnosed Plaintiff's illness, and prescribed ear drops to which Plaintiff suffered a reaction that caused severe pain and hearing loss.

On January 15, 2010, Plaintiff sought emergency medical care, but Defendant Adonis refused to see him. Plaintiff was unable to speak with Defendant Adonis directly regarding his medical needs and he was forced to relay information through a correctional officer. Defendant Adonis, through the correctional officer, told Plaintiff that medical staff was too busy to see him and he would be seen on January 18, 2010. Plaintiff alleges that Defendant Adonis failed to exercise reasonable care in determining whether Plaintiff's condition constituted an emergency.

///

---

[1] Misidentified as Griffith in the original and amended complaints. The correct spelling appears in the exhibits attached to Plaintiff's original complaint. (Doc. 1, Comp., p. 9.)

2

Plaintiff was finally seen on January 22, 2010, but he endured severe pain and hearing loss in the interim, and he continues to suffer from ear infections, hearing loss, and ringing in his ears.

**B.    Legal Standard**

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the prisoner to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (quotation marks and citation omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (quotation marks and citation omitted).

**C.    Discussion**

**1.    Defendants Brown and Adonis**

Plaintiff's disagreement with the course of treatment chosen does not support a claim under section 1983. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Further, the Eighth Amendment protects Plaintiff not from medical malpractice but from the unnecessary and wanton infliction of pain. Estelle, 429 U.S. at 104-06. A medical care claim must be premised on the knowing disregard of a substantial risk of harm to Plaintiff's health and thus, Plaintiff's allegations that Defendant Brown misdiagnosed him and prescribed ear drops to which he reacted adversely do not support a claim that Defendant Brown acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).

With respect to Defendant Adonis, although Plaintiff alleges that Defendant refused to see him on January 15, 2010, when he requested emergency medical care, there are no facts present which suggest that Defendant Adonis was aware that Plaintiff was in need of immediate medical care

and disregarded that need. Deliberate indifference is a high legal standard, Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and under this standard, the prison official must not only be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw the inference, Toguchi, 391 F.3d at 1057 (quotation marks and citation omitted). If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Id. (quotation marks and citation omitted).

While it is possible that Defendant Adonis's actions rose to the level of an Eighth Amendment violation, it is also possible that Defendant was merely negligent or that Defendant committed no legal wrongdoing. The failure to exercise reasonable care simply does not support an Eighth Amendment claim. Estelle, 429 U.S. at 104-06.

### 2.   **Defendant Griffin**

Defendant Griffin's involvement appears limited to the administrative resolution of Plaintiff's inmate appeal.[2] In general, denying a prisoner's grievance does not cause or contribute to the underlying violation, George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted), and the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Defendant Griffin was not personally involved in denying Plaintiff's request for emergency medical care on January 15, 2010, and therefore, Plaintiff's claim against her is not cognizable. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Jones, 297 F.3d at 934.

### 3.   **Defendants Yates and Igbinosa**

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability

---

[2] The Court takes judicial notice of the inmate appeal documents attached to the complaint filed on December 10, 2010.

4

may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff seeks to impose liability on Defendants Yates and Igbinosa based on their positions of authority at the prison. In addition, Defendant Igbinosa was involved in denying Plaintiff's inmate appeal at the second level of review.[3] Defendants Yates and Igbinosa were not personally involved in denying Plaintiff's request for emergency medical care on January 15, 2010, and they cannot be held liable for the actions of Defendant Adonis based on their employment positions. Further, as explained in the previous subsection, Defendant Igbinosa's review of Plaintiff's appeal concerning past medical care issues provides no basis for liability. Accordingly, Plaintiff's claims against Defendants Yates and Igbinosa are not cognizable.

## III.     Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file a second amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be

///

---

[3] Judicial notice of the second level appeal response attached to the original complaint is taken.

[sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   December 12, 2011**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE