# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER ANDRES RIVAS,<br><br>    Plaintiff,<br><br>v.<br><br>M. ADONIS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-02302-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED AGAINST DEFENDANT ADONIS AND DEFENDANT BROWN BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 19)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Procedural History**

Plaintiff Elmer Andres Rivas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 10, 2010. On January 5, 2011, Plaintiff filed an amended complaint as a matter of right, Fed. R. Civ. P. 15(a), and on December 13, 2011, the Court screened Plaintiff's amended complaint and dismissed it, with leave to amend, for failure to state a claim under section 1983, 28 U.S.C. § 1915A(a). Plaintiff filed a second amended complaint on January 3, 2012, in which he alleges that prison officials at Pleasant Valley State Prison were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment of the United States Constitution.

**II.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**III.    Plaintiff's Eighth Amendment Medical Care Claim**

    **A.    Legal Standard**

To maintain an Eighth Amendment claim based on medical care in prison, Plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks

1  omitted).  The two-part test for deliberate indifference requires Plaintiff to show (1) a serious
2  medical need by demonstrating that failure to treat a prisoner's condition could result in further
3  significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response
4  to the need was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotation marks and citation
5  omitted).  Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's
6  pain or possible medical need, and harm caused by the indifference.  Id. (citation and quotation
7  marks omitted).  Deliberate indifference may be manifested when prison officials deny, delay or
8  intentionally interfere with medical treatment, or it may be shown by the way in which prison
9  physicians provide medical care.  Id. (citation and quotations omitted).  Where a prisoner is alleging
10 a delay in receiving medical treatment, the delay must have led to further harm in order for the
11 prisoner to make a claim of deliberate indifference to serious medical needs.  Berry v. Bunnell, 39
12 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992),
13 *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en
14 banc).

   **B.   Discussion**

   **1.   Allegations**

17 Plaintiff alleges that on January 12, 2010, he sought medical treatment for an infection and
18 ringing in his left ear.  Defendant Brown, a physician assistant clinician, noted that Plaintiff's ear
19 canal was impacted and he could not see Plaintiff's tympanic membrane.  Defendant Brown
20 prescribed ear drops, which Plaintiff used as directed.
21 Plaintiff had a reaction to the medication and on January 15, 2010, he sought emergency
22 medical treatment for pain and hearing loss.  Defendant Adonis, a licensed vocational nurse, refused
23 to speak to Plaintiff directly and via the correctional officer present, Plaintiff informed Defendant
24 Adonis that he had hearing loss and pain in his left ear.  Plaintiff was directed to fill out a medical
25 slip, which he did and handed to staff.  Defendant Adonis refused to evaluate Plaintiff face to face
26 or document the need for any special services and, despite being told Plaintiff was in pain and had
27 lost some hearing, Defendant Adonis told the correctional officer that Plaintiff must have his floor
28 ///

3

officer contact the medical department and explain the problem.  Plaintiff did so and he was told he would be seen later.

After a few hours, Plaintiff went back to the medical department and asked to see Defendant Adonis.  Defendant again refused to speak to him and she told him that the doctors and nurses were too busy to see him.  Defendant Adonis told Plaintiff that he would be seen on January 18, 2010. By the time Plaintiff was seen on January 22, 2010, he had endured severe pain and hearing loss. Plaintiff alleges that he still suffers from ear infections, hearing loss, and ringing in his ears as a result.

### 2. **Findings**

Plaintiff's allegations do not state a claim against Defendant Brown.  There is no support for a claim that Defendant Brown knowingly disregarded a substantial risk of harm to Plaintiff's health. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). Neither Plaintiff's disagreement with Defendant Brown's course of treatment, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), nor the fact that Plaintiff later had an allergic reaction to the medication prescribed will support a claim for violation of Plaintiff's constitutional rights, Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).

However, Plaintiff's allegations are sufficient to support a claim against Defendant Adonis. Construed in the light most favorable to Plaintiff, Defendant Adonis was on notice that Plaintiff was suffering from pain and hearing loss, and as a result of the days-long delay in receiving medical care, Plaintiff suffered permanent hearing loss, as well as ear infections and ringing in his ears the failure. At the pleading stage, this is sufficient to state a claim under the Eighth Amendment.  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

### IV. **Conclusion and Recommendation**

The Court has screened Plaintiff's second amended complaint and finds that it states a cognizable Eighth Amendment claim against Defendant Adonis, but it does not state a claim against Defendant Brown. Based on the nature of the deficiencies and the Court's previous screening order, the Court finds that further leave to amend is not warranted.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that this action proceed on Plaintiff's second amended complaint, filed on January 3, 2012, against Defendant Adonis for violation of the Eighth Amendment, and Plaintiff's Eighth Amendment claim against Defendant Brown be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 26, 2012**              /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE